RECEIVED
IN LAKE CHARLES, LA
SEP 15 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20063 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| MICHAEL A. WILLIAMS | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 filed by the defendant, Michael A. Williams ("Williams"). The Government filed an answer. The defendant filed a reply.

Procedural History

The defendant pleaded guilty to a one-count indictment charging him with possession of child pornography in violation of 18 U.S.C. § 2252A (Doc. 1). He was sentenced to 78 months imprisonment, the lowest term within the applicable guideline sentencing range.

The defendant appealed to the Fifth Circuit. The conviction and sentence were affirmed in an unpublished opinion filed on October 5, 2007 under docket No. 07-30140. The defendant applied for a writ of certiorari. The Supreme Court granted certiorari on April 21, 2008 under docket No. 07-8641 and remanded to the Fifth Circuit for reconsideration under *Gall v. United States*, 552 U.S. 38 (2007).

The Fifth Circuit again affirmed Williams's sentence in an unpublished opinion filed July 22, 2008 under docket No. 07-30140. The Supreme Court denied defendant's subsequent petition

for certiorari on December 1, 2008 under its docket No. 08-6941.

On November 25, 2009, Williams filed a Motion for Leave to File Motion to Vacate Sentence Pursuant to 28 U.S.C. Section 2255" (Doc. 38). On January 7, 2010, the district court denied the defendant's motion as time-barred (Doc. 41). The defendant then filed a Motion for Reconsideration (Doc. 44). The court ordered the government to respond to defendant's motion (Docs. 44, 48). The government filed an opposition and the defendant filed a reply.

## FACTS

Immigration and Customs Enforcement (ICE) agents received information from the Cyber Crimes Center that the defendant had been identified as a paid subscriber to web sites that depicted child pornography (PSR, ¶ 5).

Agents investigated visitors to a paid website which depicts child pornography. They traced the defendant's email address through the Internet Service Provider ("ISP") and identified Williams as the subscriber. They also identified the defendant as the person to whom the Visa card, that paid for access to the site, was issued.

On August 19, 2005, ICE agents, accompanied by deputies with the Beauregard Parish Sheriff's Office, went to the defendant's residence to interview him regarding his involvement with child pornography sites. The agents advised Williams of his *Miranda* rights and the defendant indicated that he understood those rights, and agreed to speak with the agents (PSR, ¶ 6).

During the interview, Williams confirmed much of what the officers already knew through investigation. He admitted that he had visited numerous pornographic web sites, some containing child pornography. Williams also admitted that most were paid sites that he accessed with his credit card. While the defendant claimed that he did not actively seek out images of child pornography, he

admitted that he had viewed over 100 such images and that he had saved many images of child pornography on his computer's hard drive (PSR, ¶ 7).

At the conclusion of the interview Williams consented to the seizure of his computer and turned over two compact disks (CDs) which he advised contained backup files of the data stored on his computer (PSR, ¶ 8). Forensic analysis of the computer revealed that the hard drive contained 292 image files and 16 movies files that included images of child pornography, some depicting prepubescent children and other portraying sadistic conduct (PSR, ¶ 9). Agents identified 39 children by comparing them with images in the National Child Victim Identification Program database (PSR, ¶ 10).

Williams elected to plead guilty. At his guilty plea the defendant acknowledged under oath that he understood the contents of the plea packet and had discussed the impact of the sentencing guidelines on his sentence with his attorney (GP, p. 3). The undersigned read the elements of the offense audibly during the hearing and Williams acknowledged that he understood them and had no questions (GP, p. 5). The undersigned explained the maximum penalty to which he could be sentenced and the effect that violation of supervised release could have on his sentence and defendant acknowledged an understanding of that potential sentence (GP, p. 6).

It was explained that by pleading guilty, Williams was waiving a number of rights. Williams was advised that he had the right to maintain his not guilty plea and insist on a trial before a jury at which he would have the right to be represented by counsel, to put on evidence and to subpoena witnesses on his behalf, but would not be required to do so because the government would have the burden of proving his guilt beyond a reasonable doubt. Williams was advised that he would also have the right to testify at trial and if convicted at trial he would have the right to appeal his

conviction. The undersigned explained to Williams that he was waiving all of those rights (GP, pp. 7-9).

After explaining the rights he was waiving, Williams was asked if there was anything about his plea agreement that he did not understand and he said there was nothing (GP, pp. 9-10). The stipulated factual basis was read and Williams was asked if it was "what happened." The defendant admitted that it was (GP, p. 10). Finally the defendant was asked if he was satisfied with his counsel's representation and he stated that he was (GP, p. 10). It was only after this entire explanation under oath was completed that the defendant was asked how he wished to plead to the charge of possession of child pornography. Defendant replied, "guilty" (GP, p. 11).

Neither the government nor defense counsel filed any objections to the Presentence Investigation Report (PSR). Prior to sentencing defense counsel filed a sentencing memorandum requesting a downward departure from the guidelines range of 78 to 97 months noting that defendant was in a program under Dr. Brennan and was receiving treatment. The undersigned noted that Dr. Brennan's report was based on the Able Sexual Interest Assessment and observed that the defendant's score was "the highest I've ever seen. . . I think under those circumstances, a downward departure is inappropriate" (Sent. p. 3). The undersigned noted that defense counsel's argument while "compelling," would only "propel" her to sentence defendant to the low end of the guideline range (Sent. p. 6).

Williams appealed raising two issues: whether his sentence for a first time offender was reasonable; and whether the appellate court could presume defendant's within guidelines sentence to be reasonable. The Fifth Circuit affirmed defendant's sentence both before and after the Supreme Court's decisions in *Gall v. United States*, 551 U.S. 38 (2007) and *Rita v. United States*, 551 U.S.

338 (2007). Defendant has filed a timely motion pursuant to 28 U.S.C. § 2255.

Law

In this §2255 motion, Williams claims:

1) Ineffective assistance of counsel during the pretrial process, when counsel failed to file a motion to suppress;

2) Ineffective assistance of counsel during the plea and sentencing process, when counsel failed to negotiate for or to argue for a reduced sentence for a pre-sentencing psycho-sexual evaluation;

3) Ineffective assistance of counsel due to the cumulative impact of multiple deficiencies or errors by counsel during the pretrial, plea, sentencing and direct appeal process; and

4) The conviction violates the First, Fourth, Fifth, Sixth, and Eighth Amendments to the constitution.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.[1] Had these claims by Williams not been couched in terms of "ineffective assistance of counsel," the court would have found them to be procedurally waived in their entirety.

"A 'collateral challenge may not do service for an appeal.' " *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (en banc). A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Id.* at 232. The 28 U.S.C. § 2255 cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir.1992). The only exception

---

[1] *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992).

to the cause and prejudice test is the "extraordinary case ... in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* Williams has not asserted actual innocence.

Williams asserts ineffective assistance of counsel. To establish ineffective assistance of counsel requires showing both that counsel's performance was deficient and that such deficient performance prejudiced the defense.[2] Deficient performance is based on an objective standard of reasonableness, considering all the circumstances.[3] Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and judicial review is highly deferential to counsel's performance.[4]

Williams challenges the validity of his guilty plea. This issue was not raised on appeal. In the context of a guilty plea, prejudice is present if there is a reasonable probability, that absent counsel's errors, the defendant would not have entered a guilty plea and would have insisted on a trial.[5] Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea.[6] Regardless of

---

[2] *Id.* at 687.

[3] *Id.* at 688.

[4] *Id.* at 689.

[5] *Hill v. Lockhart*, 106 S.Ct. 366 (1985); *Theriot v. Whitley*, 18 F.3d 311, 313 (5th Cir. 1994).

[6] *Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983).

his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice.[7] The burden of proof is on a § 2255 petitioner to prove his allegations. The defendant has introduced no evidence that this court did not comply with the provisions of Rule 11 of the Federal Rules of Criminal Procedure, requiring that "the court... shall not accept the (guilty) plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."[8] The defendant has not established that his alleged ineffective assistance of counsel resulted in an involuntary guilty plea. This court has reviewed the voluntariness of the defendant's plea and finds that the plea was, in fact, voluntary.

Williams argues that his counsel was ineffective because he did not file a Motion to Suppress his statement and the seizure of his computer. The filing of pretrial motions is considered trial strategy.[9] Decisions by counsel concerning strategy are considered with great deference. A motion to suppress, under the facts of this case, would have been frivolous. Williams voluntarily consented to an interview by agents. When he gave his statement, the defendant was not in custody and he had been advised of his *Miranda* rights. He consented to the agents removing his computer. The agents also had evidence documenting the defendant's use of his credit card to access the web sites containing child pornography prior to their arrival at his residence. Given these facts, there is no basis upon which a motion to suppress would have been granted.

Williams also argues that his counsel was ineffective in failing to request a reduced sentence

---

[7] *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

[8] *Munich v. United States*, 337 F.2d 356 (9th Cir. 1964); *Domenica v. United States*, 292 F.2d 483 (1st Cir. 1961).

[9] *Murray v. Maggio*, 736 F.2d at 283.

for a pre-sentencing psycho-sexual evaluation. Williams bases his argument on a plea agreement that was filed in *United States v. Parsons* in the Western District of Washington at Seattle, No. 08-254RSM. Any finding in the *Parsons* case is not binding on this court. Additionally, *Parsons* can be distinguished factually. In *Parsons*, the plea agreement contained a provision that allowed a psycho-sexual evaluation to serve as a basis for the sentence, which could have been either upward or downward. In the instant case, Williams was evaluated by Dr. Brennan. His counsel did file a presentence memorandum requesting a downward departure based upon Dr. Brennan's report. This court considered the evidence and the evaluation, finding that it warranted a sentence at the low end of the guideline, but not a departure. The reasonableness of Williams's sentence has been addressed on appeal.

Williams also makes a vague allegation that his counsel had a conflict of interest, yet no facts were offered to support that assertion. Accordingly, this claim is not viable.

Williams requests an evidentiary hearing and that he be permitted to take depositions. In this request, Williams is attempting to litigate the motion to suppress. The defendant has not established good cause to grant either of these requests.

Considering the foregoing, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 14 day of September, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE